IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 11, 2001

**ROGER DALE THOMAS v. GAIL THOMAS**

**Chancery Court for Giles County**
**No. 9631     Jim T. Hamilton, Judge**

**No. M2001-01226-COA-R3-CV - Filed August 2, 2002**

WILLIAM C. KOCH, JR., concurring.

This appeal marks the third occasion for us to review a decision by a trial court in the Twenty-Second Judicial District employing this "mediation process." Trial courts in other districts have used similar procedures as well. As this decision should make clear, this sort of procedure is not mediation and, more importantly, is not a good idea. In the future, should either or both of the parties propose this procedure, trial courts should simply say no. *Team Design v. Gottlieb*, No. M1999-00911-COA-R3-CV, 2002 Tenn. App. LEXIS 508, at *38 (Tenn. Ct. App. July 18, 2002). Parties who, for whatever reason, desire to eschew traditional litigation have ample options for alternative dispute resolution under Tenn. S. Ct. R. 31 without jury-rigging a procedure like the one used in this case.

I concur with the court's decision that relief is not available under Tenn. R. App. P. 13(b) in this case. The parties created their own procedural quagmire, and we should be disinclined to extricate them from it now. Tenn. R. App. P. 36(b) (appellate courts are not required to grant relief to parties responsible for an error or who failed to take reasonably available action to prevent or nullify the harmful effect of an error).

WILLIAM C. KOCH, JR., JUDGE